[Civ. No. 6103.   Second Appellate District, Division One.—October 6, 1930.]

LOS ANGELES–FIRST NATIONAL TRUST AND SAVINGS BANK (a National Banking Association), Respondent, v. PERCY H. HOWLAND et al., Appellants.

M. W. Conkling for Appellants.

William L. Kuehn and Arthur Loveland for Respondent.

HOUSER, J.—The cause of action herein was based upon the nonpayment of a promissory note executed by the defendants in favor of the Pacific-Southwest Trust and Savings Bank, which bank was the alleged predecessor in interest of the plaintiff. In addition to the usual allegations in actions of this character—that is, of execution, delivery and nonpayment of the note—the complaint contained the allegation that at the time of execution and delivery of the said note, the predecessor in interest of the plaintiff was a corporation which "by proceedings duly and regularly had and taken has been consolidated with plaintiff under the charter and corporate title of plaintiff. That said consolidation was approved by the Comptroller of the Currency and became effective at the close of business September 1, 1927. That by virtue of said consolidation plaintiff became and now is the holder of said promissory note."

Based solely on the allegation that the defendants "had no information or belief" of the alleged consolidation of the two banks, mentioned in the complaint, as well as of plaintiff's alleged ownership of said note, the answer of defendants was limited to a denial of those facts.

On motion presented to the trial court for judgment on the pleadings, judgment was ordered in favor of the plaintiff; and the defendants appeal therefrom.

Appellants now contend that their answer raised an issue of a material fact and consequently that the judgment of the trial court should be reversed.

By a long line of decisions by the courts of this state the rule is settled that where the determination of the existence of a material fact alleged in the complaint is readily ascertainable by the defendant from an inspection by him of a public record, he may not, by denial of such fact based on his lack of information or belief, raise an issue as to such allegation. (21 Cal. Jur. 150, and authorities there cited.)

The complaint herein contained no allegation to the effect that any instrument purporting to evidence the consolidation of the two interested banks was ever either filed or recorded in any place whatsoever. Nor has attention been directed by respondent herein either to any mandatory

or any directory provision of law by which it became or was the duty of either of the contracting parties to such merger or consolidation, their successor, or any other person, to file or to record any such instrument. The most that appears from any statute or authority cited by either of the parties litigant herein is a provision contained in section 31d of the Statutes of 1927, pages 1789, 1796, by which "the recordation of such certificate (of consolidation) in the office of the recorder of any county shall be . . . constructive notice that all of the rights, benefits, privileges, duties and obligations of whatsoever kind or nature held or possessed by or imposed upon the bank so converted or consolidated or merged are retained by and imposed upon the successor bank. Any such certificate shall be *prima facie* evidence in all courts and places of the regularity of the proceedings taken and of the fact of such conversion or consolidation or merger".

But nowhere, either in the cited statute or in any other to which the attention of this court has been attracted, is such recordation made compulsory. Apparently no duty or obligation is made to rest upon any person either to file or to record in any public office any instrument from which constructive notice of the consolidation of banks of the character of those here involved either will or may result. The act of recordation of the certificate of consolidation is but permissive; it may or may not be done, dependent upon no statutory demand or requirement. By the terms of the statute, the recordation of the certificate of consolidation is merely a privilege or right, of which some unnamed and unspecified person or corporation may avail himself or itself, and from which recordation, when accomplished, certain specified advantages may accrue. It follows that, since evidence of the fact of the alleged consolidation of the two banks mentioned in the complaint herein was not legally required to be of public record, the defendants were within their rights in denying the existence of such fact based upon their alleged lack of information and belief.

The judgment is reversed, with directions to the lower court to deny the motion presented by the plaintiff for judgment on the pleadings in the action.

Conrey, P. J., and York, J., concurred.